UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT MCCOMB,

    Plaintiff,

vs.

DOMINIUM PROPERTY, *et al.*,

    Defendants.

Case No. 3:23-cv-275

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT LAURENCE A. LASKY'S MOTION TO DISMISS (Doc. No. 11) AND DEFENDANT DOMINIUM PROPERTY'S MOTION TO DISMISS (Doc. No. 14); (2) DISMISSING PLAINTIFF'S *PRO SE* COMPLAINT WITH PREJUDICE (Doc. No. 3); AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

    Plaintiff Robert McComb brings this case *pro se* claiming Defendants Dominium Property and Laurence A. Lasky discriminated against him in violation of the Civil Rights Act and Fair Housing Act, engaged in fraud, breached his covenant of quiet enjoyment, and retaliated against him, amongst other claims. Doc. No. 3.

    This civil case appears before the Court on Defendant Laurence A. Lasky's Fed. R. Civ. P. 12(b)(6) motion to dismiss and Defendant Dominium Property's Fed. R. Civ. P. 12(b)(6) motion to dismiss. Doc. Nos. 11, 14. Plaintiff Robert McComb filed an opposition memorandum to both motions. Doc. Nos. 17, 18. The Court then ordered Plaintiff to show cause why this cause should not be dismissed and/or why he should not be sanctioned for his failure to comply with the Court's previous order in *McComb v. Dominium Property Management ("McComb I")*, No. 3:20-cv-369, 2022 WL 4395994, at *3 (S.D. Ohio Sept. 23, 2022), which required Plaintiff to file for leave to submit an amended complaint. Doc. No. 19. Plaintiff filed a response to the show cause order. Doc. No. 21. Dominium Property submitted a reply in support of its motion to dismiss (Doc. No.

20), and Lasky submitted an opposition memorandum to Plaintiff's show cause response. Doc. No. 22. The motions to dismiss are now ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "[t]he Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.

Defendants argue the Court should dismiss Plaintiff's claims under: (A) the claim-splitting and duplicative litigation doctrines; and (B) Fed. R. Civ. P. 8.[1] Doc. No. 11 at PageID 197-98, 201-02; Doc. No. 14 at PageID 292-93.

### A. Claim-Splitting and Duplicative Litigation Doctrine

The claim-splitting and duplicative litigation doctrines derive from *res judicata*.[2] *Waad v. Farmers Ins. Exch.*, 762 Fed. App'x 256, 260 (6th Cir. 2019). "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Id.* (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)). At its core, the claim-splitting doctrine is the same as *res judicata*, but instead of an actual final judgment, the claim-splitting doctrine presumes a final judgment. *Id.* The duplicative litigation doctrine "allows 'a district court [to] stay or dismiss a suit that is duplicative of another federal court suit' using 'its general power to administer its docket.'" *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim splitting and duplicative litigation only differ in name, and both derive from the Supreme Court's decision in *Colorado River Water Conservation Dist.*

---

[1] Defendants raise additional arguments under Fed. R. Civ. P. 12(b)(6) that the Court need not address. Doc. No. 11 at PageID 198-201; Doc. No. 14 at PageID 294.

[2] As a preliminary matter, the Court agrees *res judicata* does not apply to the instant case. Under the Sixth Circuit's articulation of *res judicata*:

> [A] claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prod. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted). An Order "that only dismisses the complaint without dismissing the action . . . is not appealable if the complaint may be saved by amendment." *Azar v. Conley*, 480 F.2d 220, 223 (6th Cir. 1973). Here, Judge Rice's Order dismissed the complaint without prejudice and allowed Plaintiff to file for leave to submit a fourth amended complaint within fourteen days of the Order, which precludes this case from meeting the *res judicata* final decision prong. *See McComb I*, 2022 WL 4395994, at *3.

*v. United States*, 424 U.S. 800, 817 (1976), which instructed district courts "to avoid duplicative litigation."

In *Waad*, the Sixth Circuit held the district court properly dismissed the plaintiff's second suit based upon the claim-splitting and duplicative litigation doctrines where the plaintiff had the option to file an amended complaint or a motion for reconsideration in the original suit but chose not to file one, and instead the plaintiff filed another suit. *Waad*, 762 Fed. App'x at 262-63.

Plaintiff's claims in this case are barred by the claim-splitting and duplicative litigation doctrines. Judge Rice's Order in *McComb I* stated: "Plaintiff's Third Complaint, Doc. #39, is DISMISSED WITHOUT PREJUDICE. However, should Plaintiff decide to refile his case, within the strictures of Federal Rule of Civil Procedure 11, he must, within fourteen (14) days from this date [September 23, 2022], first obtain leave of Court." *McComb I*, 2022 WL 4395994 at *3. In other words, Plaintiff had the opportunity to file leave to submit an amended complaint within 14 days of the Order. *Id.* Plaintiff should have obtained leave from the Court in *McComb I* to amend the complaint but failed to do so. *See generally McComb I*, No. 3:20-cv-369 (S.D. Ohio 2022). Instead, Plaintiff waited 363 days to file a complaint in this Court with the same issues and facts as *McComb I*. *Compare* Doc. No. 3 *with* Third Amended Complaint, *McComb I*, No. 3:20-cv-369 (S.D. Ohio Sept. 14, 2021), Doc. No. 39. This case and *McComb I* are duplicative, and Plaintiff improperly split this case from *McComb I*. *See Waad*, 762 Fed. App'x at 262-63. Accordingly, this case warrants dismissal under the claim-splitting and duplicative litigation doctrines.

**B.    Fed. R. Civ. P. 8**

Rule 8(a) of the Federal Rules of Civil Procedure requires that "'[a] pleading that states a claim for relief must contain,' among other things, '*a short and plain statement of the claim showing that the pleader is entitled to relief.*'" *Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir.

2021) (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)).  A complaint violates Rule 8(a) if "[it] is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'"  *Id.* at 651 (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).  The usual remedy is dismissal without prejudice, while granting leave to amend.  *Id.* at 653.

Plaintiff's complaint is 79 pages, including attachments.  *See* Doc. No. 3.  Plaintiff's complaint, motions, and various attachments are "verbose, confused, and redundant," violating Fed. R. Civ. P. 8(a).  *Kensu*, 5 F.4th at 651 (quoting *Gillibeau*, 417 F.2d at 431).  Accordingly, his complaint warrants dismissal under Rule 8(a).

### III.

For the reasons stated, both Defendants' motions to dismiss are **GRANTED**.  Plaintiff's claims against Defendants Laurence A. Lasky and Dominium Property are **DISMISSED WITH PREJUDICE**, and this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

November 6, 2024                                             s/*Michael J. Newman*
                                                             Hon. Michael J. Newman
                                                             United States District Judge